## SHELMERDINE vs. DUFFY.

APPEAL from the court of the first district.

4NS 34
124 1089

The obligation resulting from an endorsement, is a legal consequence, and if it render the endorser necessarily liable to pay, the law must determine in what capacity, and to whom.

*Locket*, for the defendant. The defendant is sued as *endorser* of a bill of exchange, of which the plaintiff is the *drawer*. It is a well established rule of law, that, subsequent endorsers cannot be sued by any prior parties, unless under *special circumstances*, which must be fully stated; *Chitty on bills, ed.* 1821. 4 *Durnford and East*, 479, *Bishop* vs. *Hayward.* Now, unless those *special circumstances have* been stated, the plaintiff must fail in his action.

But it is insisted by the defendant, that this suit is instituted against him, solely, as endorser,

East'n. District.
June 1825.

SHELMER-
DINE.
vs.
DUFFY.

and he is sought to be condemned as such; and he relies on the allegations, in the plaintiff's petition, to make out clearly this point. The interrogatory also goes to confirm the defendant in this position.

The plaintiff says, that he has stated the circumstances, on which the defendant is liable. What are the circumstances? "That the defendant being, previously to the making of said bill, indebted to your petitioner in the amount of said bill, and equally bound to provide for its payment with said Johnson and Heno? &c." How was the defendant indebted? On bond, bill of exchange, or account? Why or wherefore? He is not informed. I can't even guess the nature of the plaintiff's demand. If this suit should be decided against the defendant, he never can set up the plea that the matters and things alleged in the petition have passed *in rem judicatam*, as it regards all the allegations in the petition, except those which relate to the bill of exchange, on which, in law, he is not liable, being a subsequent endorser.

In the case of *Brown & al*.vs. *Richardson*, *vol.* 1, 204, it is decided that, "it is not sufficient, that the facts necessary to be stated, to create responsibility in one character, establish liability

East'n. District.  in another, to authorise this court to conclude,
June 1825.        that, therefore, the defendant was sued in both."
                  Test the plaintiff's demand and petition by this
SHELMER-          rule, and it will fairly result that he has made
DINE              out no claim, on the defendant.   Strip the pe-
vs.               tition of all its allegations, except that part,
DUFFY.            with reference to the bill of exchange, and
what cause of action remains? None but the
loose and vague allegation "that, previously to
endorsing the bill, the defendant was indebted,
&c." Can it be concluded, that this averment is
within the meaning of our statute, which re-
quires the cause of action, the circumstances
of places and dates, &c., to be set out with
certainty. Will it be pretended that the peti-
tion can stand, or this suit be maintained under
the slender and meagre allegations "of the de-
fendant's being previously to his endorsement
indebted, &c.?"   Again, in the same case and
page of the book last cited, the court say, "every
thing in a petition, should be plain and perspi-
cuous, and the party sued ought to be clearly
instructed, *why he is sought to be condemned, and
not left to infer it, from doubtful, obscure allegations.*"
"Are we clearly instructed here, why we are
sought to be condemned?" No, for we cannot
even *infer* why or wherefore.   With regard to

East'n. District.
*June* 1825.

SHELMER-
DINE
*vs.*
DUFFY.

our liability, as a subsequent endorser, we beg the attention of the court to the case cited from *Durnford and East's Rep. p.* 470, which is precisely in point.

Another ground on which the defendant relies, with considerable hopes of success, is, that the plaintiff being the drawer, and suing as endorsee, must allege and prove, that the interest of the payee is vested in him, that he has paid the bill, and that protest was made, and due notice given, &c., *vol.* 1, 301. There is no allegation in the petition, that, the bill in question was ever paid by the plaintiff, and the simple possession is no evidence of it. *Vol.* 1, 304.

*Waggaman*, for the plaintiff. The judge erred in giving judgment against the plaintiff on the ground that an action could not be maintained by the drawer against the acceptor of a bill. *Story's ed. of Chitty on bills*, 270 & 1. 2 *Philips on evidence*, 31. *Kid on bills*, 193. 10 *Martin*. 36.

2. On the demurrer, there ought to have been judgment for the plaintiff. 13 *Johnson*, 402. 3 *Binney*, 457. 4 *Cranch*, 219.

3. If the judge was correct in his opinion,

East'n District, that the action was not maintainable, he erred
June 1825.        in giving a final judgment, it is a hard one, and
SHELMER-          at most ought to have been but an judgment of
DINE              non suit.
vs.
DUFFY.

MATHEWS, J. delivered the opinion of the court. This case was tried in the district court on pleas which the parties denominate a demurer and joinder therein, as taken from the *ordinary* mode of pleading, according to the rules of practice, under the common law of England. In conformity to the laws and principles, established by the laws which regulate the practice of courts, under our system of jurisprudence, it is an answer to the plaintiff's petition, by which the defendant admits all the facts, alleged by the former, but denies their legal consequence, as claimed by him. By this manner of pleading an issue in law is formed. Judgment was rendered in the court below, in favor of the defendant, from which the plaintiff appealed.

The suit is brought by the drawer of a bill of exchange, which he alleges was accepted by Johnson & Heno, and endorsed by the defendant for their use, the latter being equally bound in justice to pay the amount thereof.

East'n. District.
*June* 1825.

SHELMER-
DINE.
*vs,*
DUFFY.

because he was that much indebted to the plaintiff. The bill at maturity was protested for non-payment by the acceptors, and notice thereof given to the defendant as endorser; it was carried back by the payee as holder, to the drawer, who was compelled to pay the amount, with interest and ten per cent. damages, all which he claims to have refunded to him by the defendant. These are the principal allegations contained in the petition. It contains also an interrogatory, which was answered by the defendant, wherein he acknowledged that he did endorse the bill, but denied being indebted to the plaintiff, and that he agreed to become surety for the acceptors.

The court below seems to have based its judgment wholly on this answer, in which we are of opinion there is error.

In the first place, it ought not to have been received in contradiction of the facts, admitted by the demurrer; and secondly, even if should, it does not contradict them so effectually as to secure the defendant from liability. By admitting the act of endorsement, the obligation resulting from it, on the endorser, is a legal consequence; and if it necessarily render him liable to pay the amount of the bill, the law

SHELMER-
DINE.
*vs.*
DUFFY.

must determine in what capacity and to whom he is liable to pay.

The petition is not so explicit, as it might be in relation to the manner in which the appellee is sought to be made responsible; but from the whole contest, it is tolerably evident that the intention is to charge him as surety for the acceptors. The bill appears not to have been transferred, in the usual course of negociation, according to the custom of merchants. The payee was the holder, when he procured the endorsement of the defendant, which could have no other effect than to impose on him an obligation similar to that of the acceptors, either conjointly with them or as their surety; and perhaps he would be entitled to the privilege of division and discussion, as provided for by law in cases of joint obligations or sureties; but these are privileges which must be taken advantage of by pleading, which has not been done in the present case. Unless the irregular endorsement made by the defendant be considered as a mere nullity, an act without any legal effect, he ought to be held liable on it to the plaintiff; for, his obligation being similar to that of the acceptors, the drawer had a right on paying and taking up the bill to pursue him

for the amount. But we have held already, in one or two cases, that such endorsements are not without effect; on the contrary that they impose an obligation on the endorsers to pay. See *Chitty on bills, Am. ed. of* 1821, *p.* 440, & 4 *Martin,* 639.

East'n. District
*June* 1825.

SHELMER-
DINE
*vs.*
DUFFY.

Being of opinion that the allegations in the petition are sufficient in law, to authorise the plaintiff to recover, and that according to the answer they must be all received as true; it is ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant and appellee, the sum of five hundred and sixty-two dollars and seventy nine cents, with interest thereon, at the rate of five per cent. per ann. from the date of the protest for non payment of the bill of exchange declared on, and also ten per cent. on the amount of said bill, as damages, with costs, to be paid by the defendant in both courts.